**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ASTOR CHOCOLATE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-11913 (PAE) |
| | ) | |
| FOOD DEPOT CORPORATION, ORANGE | ) | |
| GROCER, FOOD INDUSTRIES, and, | ) | |
| TAKARI INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER
## AND CONFIDENTIALITY AGREEMENT

1.     This Protective Order shall apply to all discovery, information, documents (including any form of magnetic and/or electronic storage media), testimony, answers, premises, and things, as contemplated by the Federal Rules of Civil Procedure (hereinafter "Information and Materials"), which will be produced or made available during the course of discovery in this case by Plaintiff, Defendants, or any third party (hereinafter "party" or "parties") or of any parents, subsidiaries, divisions, branches, and/or affiliates of the parties, and/or of any other parties added or substituted into this case.

2.     The protections conferred by this Stipulation and Order cover not only any documents designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." (collectively "Protected Material"), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise pursuant to a separate agreement or order as referenced below; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3.     Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as Protected Material Information and Materials that

contain confidential information. The parties shall not designate material as "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" unless it comprises or contains sensitive technical, marketing, financial, sales, pending domestic and foreign patent applications, trade secrets, or other information of such a sensitive nature that a party reasonably fears potential competitive injury resulting from the disclosure of the information to any other party.

4.      All Information and Materials exchanged between the parties in this action, whether designated under provisions of this Protective Order and Agreement or not, shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose. Pursuant to Fed. R. Evid. 502(d) and this Order, if any discovery material produced by either party inadvertently includes privileged documents or documents containing privileged information, such inadvertent production will not constitute a waiver of the privilege. Upon being advised by the disclosing party that a particular document or class of documents has been inadvertently produced, and is claimed to be privileged or to contain privileged information, all persons subject to this Protective Order and Agreement shall promptly take reasonable steps to locate and return or destroy all copies of any such document (with the disclosing party bearing the reasonable cost of taking such steps) and any such document shall, in any event, not thereafter be used for any purpose, unless adjudicated not to be privileged. Nothing in this paragraph shall alter any attorney's responsibility under applicable law, rules, and codes or regulations regarding attorney conduct when confronted with inadvertently produced privileged information or documents.

5.      Protected Material, as used in this Protective Order and Agreement, shall refer to any so designated Information and Materials and all copies thereof, whether produced by a party or non-party. No designation shall be made unless the designating party or non-party believes in good faith that the designated material is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

6.      All persons receiving Protected Material shall take all steps reasonably necessary to prevent the disclosure of such material to anyone other than persons identified below.

7.1.    Protected Material marked or otherwise designated as "CONFIDENTIAL" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

        (a)     the Court and its officers;

        (b)     retained counsel;

        (c)     employees of counsel who are working on the above-captioned matter;

        (d)     court reporters, translators, duplicating services, auxiliary services of a like nature, routinely engaged by counsel;

        (e)     independent experts, who are not potential fact witnesses in this action, engaged by counsel or the parties to assist in this litigation, provided that any such third party has read this Protective Order and Agreement and has signed an undertaking in the

form of Exhibit A attached hereto; and the procedures specified in Sections 7.2 or 7.3 have been followed;

      (f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have read this Protective Order and Agreement and have signed an undertaking in the form of Exhibit A attached hereto, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

      (g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and,

      (h)     present officers, in-house counsel or employees of a party to this litigation to the extent necessary in the prosecution of or in defense to claims made in this case, provided that such officers, in-house counsel or employees of a party to this litigation have read this Protective Order and Agreement and have signed an undertaking in the form of Exhibit A attached hereto.

      7.2.    Material marked or otherwise designated as "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" is further restricted in that it shall not be disclosed to any person in categories 7.1(f) or (h) above, absent written agreement of the designating party or non-party or order of the Court.

      7.3    Unless otherwise ordered by the Court or agreed in writing by the designating party or non-party, a party that seeks to disclose to a consultant, advisor, or expert (hereafter, "Expert") any information or item that has been designated "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" first must notify the designating party or non-party and provide (1) the full name of the Expert and the city and state of his or her primary residence, and (2) the identity of the Expert's current employer(s). A copy of any such notice must be provided via electronic mail.

      A party that provides the notice and information specified in the preceding paragraph may disclose the "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" information to the identified Expert ten business days after the notice is sent, unless, within that time, the designating party or non-party files and serves a motion for protective order seeking to prevent such disclosure . A copy of any such motion and supporting papers must be provided via electronic mail. Any such motion and supporting papers must set forth in detail the grounds on which it is based. A designating party or non-party may waive its right to file a motion for protective order by providing written notification of such waiver to the party intending to make disclosure, which notification must also be delivered via electronic mail.

      A designating party or non-party wishing to file a timely motion for protective order must meet and confer with the party that wishes to make the disclosure to the Expert to try to resolve the matter by agreement. If no agreement is reached, the party seeking to prevent disclosure may file a motion for protective order. Any such motion must describe the parties' efforts to solve the

matter by agreement. No disclosure of the "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" information may be made to an Expert while a motion for protective order regarding such information is pending before the Court. In the event that one or more motions for protective order regarding "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" information are filed, any deadline for the completion of expert discovery by the party that wished to make such disclosure shall be extended for the same number of days that such motion(s) were pending before the Court, plus an additional five (5) days. If the Court grants a motion for protective order filed in accordance with this Paragraph 7.3 preventing the disclosure of the "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" information to an Expert and the party that wished to make such disclosure then retains a new or additional Expert in order to alleviate concerns raised by the moving party on the motion for protective order, the parties stipulate and agree that they will jointly move for a reasonable extension of any expert discovery deadline. The parties further stipulate and agree that, provided such Expert engages in the normal expert discovery provided for in Federal Court, no unreasonable timeliness-based objection or motion shall be made with respect to such Expert.

8.      The parties hereto agree that if any person not authorized to receive Protected Material under the terms of this Protective Order and Agreement is present at any deposition in this action or at a hearing, trial or other court proceeding, that person shall be asked to leave that proceeding for the period of time during which such information is the subject of questioning.

9.      The attorneys of record for a party who wishes to disclose Protected Material designated by a different party or a non-party to persons other than those identified in Paragraph 7.1 shall notify the attorneys of record for the other party. The attorneys shall discuss in good faith whether disclosure can be made. If they cannot agree, the party seeking disclosure shall move the Court, on reasonable notice, for an order permitting disclosure. No disclosure of the information to persons other than those identified in paragraph 7.1 shall be made pending a ruling by the Court.

10.      In the event the producing party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection. All such documents or other material shall be considered as marked "HIGHLY CONFIDENTIAL-ATTORNEY" EYES ONLY." After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate designation, if any, at the time of production of the copies.

11.      Any documents or information supplied by a third party may be designated by such third party or by any party as Protected Material under the terms of this Protective Order and Agreement. A party shall designate any documents or information supplied by a third party as Protected Material within ten (10) days of that party's receipt of the documents or information. During that period, such information or documents shall remain "CONFIDENTIAL."

12.      A party shall not be obligated to challenge the propriety of the designation of information as Protected Material at the time made, and failure to do so shall not preclude a later challenge thereof. If a party challenges such a designation, it shall send or give notice to the other party and to any third party who designated the information as Protected Material and shall attempt in good faith to resolve any challenge on an expedited and informal basis. If the

challenge cannot be expeditiously and informally resolved, the challenging party may apply for an appropriate ruling from the Court, but in any event, such application shall not be made before ten (10) days after the producing party is served with the required notice. The party, which designated such information as Protected Material, shall have the burden of proof as to the validity of each such designation. The information at issue shall continue to be treated as Protected Material until the Court orders otherwise.

13. Information and Materials produced without the designation of "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" or "CONFIDENTIAL" may be so designated subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the receiving party shall use its best efforts to promptly collect any copies that have been provided to individuals other than those identified in paragraph 7.1 of this Protective Order and Agreement. For purposes of this Paragraph, the material will be deemed to be Protected Material as of the date upon which notice of the designation is received. It shall not be a violation of this Protective Order and Agreement to disseminate discovery material that has not been designated as subject to this Protective Order and Agreement as of the time the material is disseminated.

14. If the receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order and Agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order and Agreement, and (d) request such person or persons to execute an undertaking in the form of Exhibit A attached hereto.

15. No designation shall be effective unless there is placed or affixed on such material a "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" or "CONFIDENTIAL" marking. To the extent that a deposition involves "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" material, the Court Reporter shall so mark those portions of such deposition transcript(s). In addition, after each deposition, a party may designate portions of the transcript "CONFIDENTIAL""HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" within ten (10) days from receipt of the transcript of the deposition.

16. No Protected Material shall be filed in the public record of this action. **This order binds the parties and certain others to treat certain material as protected. The Court has not, however, made any findings regarding the confidentiality of any such materials, and retains full discretion to determine whether to afford such material confidential treatment. In filing such material, the Parties shall follow the instructions set forth in Rule 4(B) of this Court's Individual Rules of Practice in Civil Cases, including by filing a public motion setting forth the particular reasons for seeking to file such information under seal.** Provided that the party seeking to file any document or thing containing or embodying Protected Material with the Court has complied with the terms of this Section, and otherwise complied with any time restrictions or deadlines applicable to the subject filing, the filing will be considered timely made

regardless of any delay in the docketing of such filing as a result of efforts or steps taken to preserve the confidentiality of any Protected Material submitted in connection with such filing.

17.     Any party who wishes to submit "Confidential Information" or "Highly Confidential Information" to the Court in connection with any hearing or motion must seek to have the hearing conducted in camera and the motion (or any "Confidential Information" or "Highly Confidential Information" submitted therewith) filed under seal or impounded.

18.     The restrictions set forth herein shall not apply to information or material that was, is or becomes, public knowledge in a manner other than by violation of this Protective Order and Agreement and/or was lawfully in the possession of the non-designating party prior to the signing of this Protective Order and Agreement.

19.     Within 60 days after the final disposition of this case, all material produced pursuant to discovery, and all copies thereof, shall be returned to the producing party or, at the option of the producing party, opposing counsel shall certify in writing that such material has been destroyed, except that Counsel of record may retain one set of all papers filed with the court, including Protected Material.

20.     This Protective Order shall remain in full force and effect after the termination of this litigation, or until cancelled or otherwise modified by Order of the Court, or by written, agreement of the parties.

21.     Jurisdiction of this action is to be retained by the U.S. District Court, Southern District of New York, after final determination, for purposes of enabling any party to this Protective Order and Agreement to apply to the Court for such direction, order or further decree as may be appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of the Protective Order.

22.     For all purposes herein, "CONFIDENTIAL—FOR ATTORNEYS ONLY" shall have the same meaning and effect as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."

23.     This Protective Order does not require production of attorney work product materials or materials covered by the attorney-client privilege, which may continue to be withheld from discovery by any party unless the Court orders otherwise.

24.     This Protective Order will not prevent either party from applying to the Court for relief from or modification of any of its provisions or for additional protection against disclosures.

SO ORDERED:          The parties are directed to review the modifications to paragraph 16, above.

_May 21, 2021_____
Date

_Paul A. Engelmayer_____
United States District Judge


**APPROVED AS TO FORM:**

**Hartman Law, P.C.**
**Attorneys for Defendants**

By: _____
     Douglas F. Hartman


**LaneCrowell LLP**
**Attorneys for Plaintiff**

By: _____
     J. Mark Lane

**EXHIBIT A**

**AGREEMENT TO COMPLY WITH PROTECTIVE ORDER**

I hereby acknowledge receipt of materials or information alleged to be confidential by

_____.  I certify my understanding that such material is provided to

me pursuant to the terms and restrictions of the Protective Order entered by the Court on

_____, 2015, in the case of *Boston Sports Medicine, Inc., v. Boston Sports Medicine &*

*Research Institute, LLC*, U.S.D.C., D. Mass., Case No. 1:16-cv-10143-DJC, and that I have been

given a copy of and have read said Protective Order.  I understand that I am to retain control of

any copies of any of the aforesaid documentary material and that, upon completion of my

assigned duties, I shall be responsible for the identification and disposition of the designated

material, including any copies of documentary material, pursuant to the terms of Paragraph 19 of

the Protective Order.  I further agree to notify any stenographic or clerical personnel who are

required to assist me, of the terms of said Protective Order.  I also agree not to disseminate such

information, except for purposes of this action and as permitted by said Protective Order or a

further order of the Court.


Dated:_____        Signed:_____